UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
NOV 10 2011

ANDREW W. BARKER and )
SARAH R. BARKER, individually and )
as natural parents and guardians of )     1:11-cv-1495 JMS-DML
N.B., a minor, )
)
        Plaintiffs, )
)
vs. )
)
CAREFUSION 303, INC., f/k/a )
ALARIS MEDICAL SYSTEMS, INC. AND)
CARDINAL HEALTH 303, INC., and )
CAREFUSION CORPORATION, )
)
        Defendants. )

## COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

### PARTIES

The parties to this action are:

1. The Plaintiffs are Andrew W. Barker and Sarah R. Barker who are husband and wife and residents of Marion County, State of Indiana.

2. Andrew W. Barker and Sarah R. Barker are the natural parents and guardians of N.B., a minor child.

3. CareFusion 303, Inc., formerly known as Alaris Medical Systems, Inc. and Cardinal Health 303, Inc., is a foreign corporations registered to do business in the State of Indiana.

4. CareFusion Corporation is a publicly-held foreign company organized under the laws of the State of Delaware whose principal place of business is located in the State of California, and who wholly owns defendant CareFusion 303, Inc.

## FACTS

5. At all times relevant, the Defendants were in the business of designing, manufacturing, constructing, assembling, inspecting, and selling medical equipment, including the Alaris PC Unit Model 8000, the Alaris Pump Module 8100 and the Alaris Syringe Module 8110 (hereinafter collectively referred to as the "device").

6. At all times relevant, the Defendants were in the business of designing, manufacturing, constructing, assembling, inspecting, and selling medical apparatus', including the clamps, springs, coils, "fingers," syringes, and key pads used with the device to administer intravenous medical fluids and medications.

7. On November 11, 2009, N.B. was a patient at St. Francis Hospital, Indianapolis, Indiana.

8. While a patient at St. Francis Hospital, Indianapolis, Indiana, medical fluids were administered to N.B. through the device.

9. On November 11, 2009, the device malfunctioned causing the administration of medical fluid to N.B. in an excessive amount and at a very rapid and unsafe rate (hereinafter the "incident").

## COUNT I

### Product Liability – Strict Liability

Plaintiffs, by counsel, for their first claim against the Defendants state as follows:

10. Plaintiffs incorporate herein rhetorical paragraphs 1-9 of this Complaint the same as if stated herein.

11. The device was defective pursuant to I.C. § 34-20-4-2.

12. The Defendants expected the device that it sold to reach consumers and users,

such as N.B., in a condition in which it was sold and used.

13. St. Francis was using the device on N.B. as the Defendants intended the device to be used.

14. At the time that St. Francis used the device on N.B., the device was in a defective condition and unreasonably dangerous to N.B.

15. As a result of the defective condition of the device, N.B. suffered from seizures, hypoxia and a severe and permanent injury to his brain.

16. As a result of the defective condition of the device, the Plaintiffs incurred medical expenses, endured pain and suffering, and lost income, and will in the future incur medical expenses, continue to endure pain and mental suffering, and lose income.

WHEREFORE, Plaintiffs, by counsel, respectfully request a judgment against the defendants in an amount which will compensate them for their losses, for the costs of this action, trial by jury, and for all other just and proper relief in the premises.

## COUNT II

### Product Liability - Negligence

Plaintiffs, by counsel, for their second claim against Defendants state as follows:

17. Plaintiffs incorporate herein rhetorical paragraphs 1 through 9 of this Complaint the same as if stated herein.

18. That the injury to N.B. was a direct and proximate result of the negligence of the Defendants.

WHEREFORE, Plaintiffs, by counsel, respectfully request a judgment against the defendants in an amount which will compensate them for their losses, for the costs of this action, trial by jury, and for all other just and proper relief in the premises.

## COUNT III

Plaintiffs, by counsel, for their third claim against the Defendants state as follows:

19. Plaintiffs incorporate paragraphs 1 through 9 of Plaintiffs Complaint the same as if stated herein.

20. The November 11, 2009 incident that caused injury to N.B. was witnessed by his parents, Andrew W. Barker and Sarah R. Barker.

21. As a direct and proximate result, Andrew W. Barker and Sarah R. Barker have suffered and continue to suffer from the emotional distress of witnessing the incident together with the immediate aftermath.

22. As a direct and proximate result of the negligence and carelessness of the Defendants, Andrew W. Barker and Sarah R. Barker have been damaged and have suffered great pain and mental anguish.

WHEREFORE, Plaintiffs, by counsel, respectfully request a judgment against the defendants in an amount which will compensate them for their losses, for the costs of this action, trial by jury, and for all other just and proper relief in the premises.

## REQUEST FOR JURY TRIAL

Plaintiffs respectfully request trial by jury.

Respectfully submitted,

_____
Laura J. Conyers (#20568-64)
E-Mail: lconyers@findlingpark.com

FINDLING PARK & ASSOCIATES, P.C.
135 N. Pennsylvania Street, Suite 1150
Indianapolis, IN 46204
(317) 231-1100/Fax: (317) 231-1106

Respectfully submitted,

_____
Samuel L. Jacobs (#4866-49)
E-Mail: sjacobs@indianainjury.com

JACOBS LAW, LLC
6048 N. Keystone Avenue
Indianapolis, IN 46220
(317) 257-5581/Fax: (317) 257-5584